IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-95-D |
| ) | |
| STEVEN MESROP, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On December 9, 2024, the Court denied Defendant Steven Mesrop's *pro se* Motion for Compassionate Release/Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release"). *See* 12/9/2024 Order [Doc. No. 354]. The Court concluded that no extraordinary and compelling reasons supported a sentence reduction, but, even if they did, the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. *See generally id.*

On December 26, 2024, Defendant filed a Notice of Supplemental Facts in Support of Motion for Compassionate Release [Doc. No. 356] ("Notice"), in which he invokes the DOJ Office of the Inspector General's ("OIG") "recent press release" describing the OIG's findings stemming from an on-site inspection at FMC Devens (where Defendant is currently incarcerated). According to the press release, the OIG "identified several serious issues at FMC Devens," including a finding that "substantial shortages of healthcare employees and Correctional Officers—which is an issue at many BOP institutions but particularly problematic for a medical institution—have created widespread and troubling

operational challenges at FMC Devens that substantially affect the health, welfare, and safety of employees and inmates." U.S. Department of Justice Office of the Inspector General, *DOJ OIG Releases an Inspection of the BOP's Federal Medical Center Devens*, https://oig.justice.gov/news/doj-oig-releases-inspection-bops-federal-medical-center-devens (last visited January 29, 2025); *see also* Def.'s Notice, Ex. 1 [Doc. No. 356-1]. Defendant asks the Court to consider the Notice "in deciding whether he is entitled to relief." Def.'s Notice at 1.

On January 2, 2025, Defendant filed a Motion to Alter or Amend Judgment [Doc. No. 359], in which he raises two grounds that he contends warrant the Court reconsidering its Order denying his Motion for Compassionate Release. First, Defendant relies on his Notice and asks the Court to consider the OIG's findings in reconsidering its conclusion that Defendant's medical conditions do not qualify as extraordinary and compelling. Def.'s Mot. at 1. Second, Defendant asks the Court to consider the fact that he, as a non-citizen who is not eligible for certain early release programs and credits, may serve a longer sentence than a citizen convicted of the same crimes. *Id.* at 1-2.

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, the Tenth Circuit has "applied the law regarding motions to reconsider in civil cases to the criminal context." *United States v. Lewis*, 432 F. Supp. 3d 1237, 1268 (D.N.M. 2020). Indeed, in *United States v. Huff*, the Tenth Circuit explained:

> We have held that a motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific situations where circumstances may warrant reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to

reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. We have specifically held that [a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.

782 F. 3d 1221, 1224 (10th Cir. 2015) (internal citations and quotation marks omitted). Because Defendant's Motion "seeks to alter the [Court's] substantive ruling, [] it should be considered a rule 59 motion and be subject to rule 59's constraints." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Liberally construed, Defendant's Notice could be interpreted as presenting new evidence vis-à-vis the OIG's press release. In the Notice, Defendant invokes a December 11, 2024 press release from OIG, which sets forth findings from an on-site inspection of FMC Devens. The Court acknowledges that the OIG issued the press release after the Court ruled on Defendant's Motion for Compassionate Release. However, the press release does not change the Court's conclusion that Defendant's medical circumstances do not qualify as extraordinary and compelling reasons warranting a sentence reduction.

To be clear, the Court does not doubt the seriousness of the issues identified by the OIG in its press release. But as the OIG acknowledges, "substantial shortages of healthcare employees and Correctional Officers . . . [are] an issue at many BOP institutions." Defendant does not explain how the issues identified by the OIG impact him personally; instead, he merely argues that the identified issues support a 6-18 month sentence reduction. Without specific evidence that Defendant himself is not receiving adequate medical care at FMC Devens, the Court cannot conclude that the generalized findings by

3

the OIG constitute extraordinary and compelling reasons warranting a sentence reduction *in this case*.

Because Defendant's non-citizen status and its impact on the availability of certain early release programs and credits is not a change in the controlling law or new evidence, Defendant must show reconsideration of the Court's Order is needed to correct clear error or prevent manifest injustice. The Court did not explicitly address Defendant's argument in its Order denying the Motion for Compassionate Release because it concluded, as a more general matter, that Defendant's recent disciplinary infractions prevented the Court from "concluding extraordinary and compelling circumstances exist based on Defendant's alleged rehabilitation."

But even if the Court would have specifically addressed Defendant's non-citizen status, it would not have changed the Court's conclusion. Defendant relies on *United States v. Reyes Filiciano*, 676 F. Supp. 3d 1045, 1061-62 (D.N.M. 2023) in contending that a "district court in the District of New Mexico granted compassionate release to a defendant similarly situated to Mr. Mesrop." Def.'s Mot. at 2. It is true that the *Reyes Filiciano* court granted a non-citizen's motion for compassionate release and noted, in a footnote, that he was ineligible for "much of the BOP's programming, including RDAP . . . ." *Reyes Filiciano*, 676 F. Supp. 3d at 1061 n.21. However, Mr. Reyes Filiciano had otherwise demonstrated rehabilitation, which led to the Court's conclusion that—"[t]aking all of these circumstances together"—extraordinary and compelling circumstances supported his release. *Id.* at 1061-62. As explained in the Court's Order denying Defendant's Motion for

Compassionate Release, the same cannot be said here regarding Defendant's purported rehabilitation.

Defendant's non-citizen status, when considered on its own, does not support a sentence reduction either. Although it does not appear that Defendant raises any sort of equal-protection argument here, the Tenth Circuit has reasoned that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. 2006).

The Tenth Circuit's reasoning is squarely in line with numerous district courts which have, in the compassionate-release context, rejected the argument that Defendant raises here. *See, e.g.*, *United States v. Orozco*, No. 2:18-cr-515-TC, 2024 WL 4043538, at *3 (D. Utah Sept. 4, 2024) (citing *Tamayo* in rejecting defendant's argument that his non-citizen status, and thus his ineligibility for certain early release programs and credits, supported a sentence reduction); *United States v. Orduno-Ramirez*, No. 14-20096-JAR-07, 2024 WL 4948886, at *3 (D. Kan. Dec. 3, 2024) ("But [defendant's] treatment [as a result of being a non-citizen and deportable alien] is not unique and is consistent with BOP regulations. It is a generalized complaint and it does not constitute an extraordinary and compelling reason for compassionate release."); *United States v. Santillan*, No. 5:18-CR-00048-KDB-DSC-14, 2023 WL 4002526, at *2 (W.D.N.C. June 14, 2023) ("Defendant argues that as a deportable alien he does not receive benefits from programming and other incentives available to other inmates that are U.S. citizens such as good time credits, [the] residential

5

drug abuse program, halfway house placement and home confinement. . . . This is a generalized complaint applicable to presumably a great many inmates and is not 'extraordinary,' nor is it a compelling reason for a reduction in sentence.").

Even if the Court were persuaded by either, or both, of Defendant's arguments, the 18 U.S.C. § 3553(a) factors still must support a sentence reduction. For the reasons explained in the Court's Order, they do not:

> First, the sophistication and seriousness of the fraud in this case—a multi-person scheme developed and directed by Defendant in which he exploited individuals and institutions at the height of the COVID-19 pandemic—weigh heavily against a reduction. Second, the Court is not convinced that anything less than Defendant's 80-month sentence would deter would-be fraudsters from committing crimes similar to Defendant's. Third, although Defendant likely is not a threat to the public in a violent or physical sense, the Court is not convinced that he no longer poses any threat in an economic sense. On balance, the § 3553(a) factors weigh against a sentence reduction.

12/9/2024 Order at 10-11 (internal citations omitted).

For these reasons, Defendant's Motion to Alter or Amend Judgment [Doc. No. 359] is **DENIED**.

**IT IS SO ORDERED** this 31st day of January, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge